IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL G. MEDINA #332874,** | ) |
| Petitioner, | ) ) |
| v. | ) No. 2:16-cv-00019 ) |
| | ) Chief Judge Sharp |
| **KEVIN GENOVESE,** | ) ) |
| Respondent. | ) |

## ORDER

Petitioner Michael Medina filed this action seeking the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Respondent has filed an answer, along with a copy of portions of the state court record. (ECF Nos. 15, 19, 20.) In addition, Petitioner has filed a motion to expand the record, which Respondent opposes. (ECF Nos. 23, 28.)

Petitioner's motion to expand the record pertains to documents that are either barred from consideration under 28 U.S.C. § 2254(d) or immaterial to any claims subject to habeas review. Accordingly, the motion to expand the record (ECF No. 23) is **DENIED**.

As set forth in the accompanying Memorandum, Petitioner is not entitled to relief under § 2254 on any of his claims. Accordingly, the petition is hereby **DENIED**, and this action is **DISMISSED** with prejudice.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," *Miller–El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

Because reasonable jurists could not debate whether Petitioner is entitled to relief on any of his claims, the Court **DENIES** a certificate of appealability. Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

The Court's Order (ECF No. 29) requiring further action by Respondent is **VACATED**.

It is so **ORDERED**.

                                        Kevin H. Sharp, Chief Judge
                                        United States District Court